UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 14 CV   3083

BAIS YAAKOV OF SPRING VALLEY, on behalf of
itself and all others similarly situated,

Plaintiff,

-vs.-

VARITRONICS, LLC, R & M LETTER GRAPHICS,
INC. and RICHARD E. PERRY,

Defendants.

14 CV _____

Complaint

Class Action

Jury Demanded

JUDGE SEIBEL

## COMPLAINT

Plaintiff Bais Yaakov of Spring Valley, on behalf of itself and all others similarly

situated, alleges as follows:

## INTRODUCTION

1.      Bais Yaakov of Spring Valley ("Plaintiff") brings this action against

Varitronics, LLC ("Varitronics"), R & M Letter Graphics, Inc. ("R&M") and Richard E.

Perry ("Perry") (Varitronics, R&M and Perry are collectively referred to as

"Defendants") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227

(the "TCPA") and N.Y. General Business Law ("GBL") § 396-aa.  Congress enacted the

TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not

provided express invitation or permission to receive such faxes.  In addition, the TCPA

and regulations promulgated pursuant to it prohibit the sending of unsolicited as well as

solicited fax advertisements that do not contain properly worded opt-out notices.  The

New York legislature enacted GBL § 396-aa for similar purposes.

2.      Upon information and belief, Defendants have jointly and severally sent or caused to be sent out over five thousand (5,000) unsolicited and solicited fax advertisements for goods and/or services without proper opt-out notices to persons throughout the United States within the applicable limitations period for the TCPA, which is four years.  As a result, Defendants are liable to Plaintiff and the proposed Classes A and B of similarly situated persons under the TCPA.

3.      Upon information and belief, Defendants have jointly and severally caused to be sent out thousands of fax advertisements for goods and/or services that were unsolicited and lacked proper opt-out notices to persons throughout New York state within the applicable limitations period for GBL §396-aa, which is three years.  As a result, Defendants are liable to Plaintiff and the proposed Class C of similarly situated persons under GBL § 396-aa.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.  This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's and Class C's claims under GBL § 396-aa.

## THE PARTIES

6.      Plaintiff is a New York religious corporation, with its principal place of business at 11 Smolley Drive, Monsey, New York 10952.

2

7.     Upon information and belief, defendant Vartronics is a Minnesota corporation with its principal place of business located at 2355 Polaris Lane North # 100, Plymouth, Minnesota 55447.  Upon information and belief, Varitronics products are sold under the name Variquest, only through dealers authorized by Varitronics.

8.     Upon information and belief, Defendant R&M is a New York Corporation with its principal place of business located at 163-03 Horace Harding Expressway, Fresh Meadows, New York 11365.  Upon information and belief, R&M is the sole authorized dealer, authorized by Varitronics, for Variquest Visual Learning Tools, in New York City, Suffolk, Westchester and Rockland counties, New York.

9.     Upon information and belief, defendant Perry is the Chief Executive Officer of defendant R&M.

## DEFENDANTS' ILLEGAL JUNK FAXES

10.     At all times relevant to this action, Plaintiff had telephone service at 845-356-3132 at its place of business at 11 Smolley Drive, Monsey, New York 10952. Plaintiff receives facsimile transmissions at this number, using a telephone facsimile machine.

11.     Upon information and belief, on or about November 12, 2013, December 5, 2013, December 11, 2013, December 17, 2013, January 9, 2014, January 21, 2014, February 3, 2014 and February 20, 2014 Defendants, jointly and severally, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send unsolicited fax advertisements (the "Fax Advertisements") advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located at 11 Smolley Drive, Monsey, New York 10952.  Copies of the Fax Advertisements are attached hereto as Exhibit A and are

3

incorporated into this Complaint by reference.

12.     Plaintiff did not provide Defendants with express invitation or permission to send any fax advertisements to Plaintiff. The Fax Advertisements were wholly unsolicited.

13.     Six of the Fax Advertisements contain a purported opt-out notice that states: "To be removed from all future promotional and sale notifications from R&M please call 866-205-0054 x67630 to opt-out."

14.     One of the Fax Advertisements contains a purported opt-out notice that states: "To be removed from all future NYC DOE promotionals and sale notifications from R&M please call 866-205-0054 x67630 to opt-out." 1

15.     One of the Fax Advertisements does not contain any purported opt-out notice at all.

16.     The Opt-Out Notices or lack thereof in the Fax Advertisements violate the TCPA and regulations thereunder because, among other things, they

        (A)     fail to provide a facsimile number to which the recipient may transmit an opt-out request;

        (B)     fail to state that a recipient's request to opt out of future fax advertising will be effective only if the request identifies the telephone number(s) of the recipient's telephone facsimile machine(s) to which the request relates;

        (C)     fail to state that the sender's failure to comply with an opt-out request within 30 days is unlawful; and

        (D)     fail to state that a recipient's opt-out request will be effective so long as that person does not, subsequent to making such request, provide express

invitation or permission to the sender, in writing or otherwise, to send such advertisements.

17.    The Opt-Out Notices or the lack thereof in the Fax Advertisements violates GBL § 396-aa because, among other things, they

(A)    fails to provide a domestic facsimile number to which the recipient may transmit such an opt-out request;

(B)    fails to provide a separate cost-free mechanism, including a website address or email address, to which the recipient may transmit an opt-out notice; and

(C)    fails to state that a recipient may make an opt-out request by written, oral or electronic means.

18.    Upon information and belief, Defendants either negligently or willfully and/or knowingly arranged for and/or caused the Fax Advertisements to be sent to Plaintiff's fax machine.

19.    Upon information and belief, Defendants have, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited and/or solicited* fax advertisements advertising the commercial availability or quality of Varitronics' property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States. Upon information and belief, those fax advertisements contained a notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisements sent to Plaintiff or contained no opt-out notice at all.

20.    Upon information and belief, Defendants have, from four years prior to

5

the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited* fax advertisements advertising the commercial availability or quality of Varitronics' property, goods, or services, to fax machines and/or computers belonging to thousands of persons throughout the United States.  Upon information and belief, those facsimile advertisements contained an opt-out notice identical or substantially similar to the Opt-Out Notices contained in the Fax Advertisements sent to Plaintiff or contained no opt-out notice at all.

21.     Upon information and belief, Defendants have, from three years prior to the filing of the Complaint in this action to the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent thousands of *unsolicited* fax advertisements advertising the commercial availability or quality of Varritronics' property, goods, or services, to fax machines and/or computers belonging to thousands of persons in New York State.  Upon information and belief, those facsimile advertisements contained an opt-out notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisements sent to Plaintiff or contained no opt-out notice at all.

22.     Upon information and belief, R&M does and did not purchase Varitronics products from Varitronics and then resell them.  Rather, R&M sold and sells Varitronics products on behalf of Varitronics and makes a commission.

23.     Upon information and belief, as part of designating R&M its sole authorized dealer of Varitronics products in New York City, Suffolk, Westchester and Rockland counties, New York, Varitronics specifically authorized R&M to market Varitronics goods.  Moreover, upon information and belief, Varitronics specifically authorized R&M to market Varitronics goods by telemarketing, including by fax.

6

24.     Upon information and belief Varitronics provided and provides letters ("the Letters") for R&M to place on R&M's website that state that R&M is the "Sole Authorized Dealer" for Varitronics for the New York Counties Nassau, Suffolk, Westchester, Rockland, New York, Bronx, Kings, Queens and Richmond. The letters are signed by David Grey as the CEO and President and CEO of Varitronics.  Copies of those letters are attached hereto as Exhibit B and incorporated herein by reference.

25.     Moreover, among other things, the Letters state the following: "R&M is authorized to offer new VariQuest® equipment for sale, *promote Varitoronics sponsored programs* and to provide service and support, including our product warranties.  *They are required by Varitronics* to provide knowledgeable sales, installation, user training, and customer/technical service for our VariQuest® products and are fully trained to do so."

26.     Upon information and belief, if a person from one of the New York Counties of Nassau, Suffolk, Westchester, Rockland, New York, Bronx, Kings, Queens and Richmond contacts Varitronics to purchase one or more of Varitronics' products, Varitronics will either send that person a copy of one of the Letters or will communicate the substance of the information in one of the letters to that person.

27.     Varitronics states that following on its Website, under a page entitled "How to Buy": "Our products are sold by a dedicated network of partners across the country. Each has been carefully selected to represent our products based on their superior customer support and education market expertise. They are highly knowledgeable about VariQuest products and are sure to provide your school with outstanding installation and training support." *See* Varitronics Website located at http://www.variquest.com/how-to-buy, which is incorporated herein by reference.

28.     R&M is specifically listed on that page as an "Authorized VariQuest

Dealer." *Id.* Specifically that page states: "R&M Letter Graphics is an Authorized VariQuest Dealer. R&M Letter Graphics has been a leading supplier of visual learning tools, serving the education community since 1986." *Id.* R&M's address telephone number, fax number, email address and a live link to R&M's website are all listed on that page as well. *Id.*

29.     When discussing funding options for Variquest products, the page on the Variquest website discussed above states "Your local authorized VariQuest dealer can help you explore the best funding options for your school or district."

30.     Upon information and belief, Varitonics authorized R&M to use Varitronics/VariQuest trade name, trade mark and service mark as part of R&M's marketing of Varitronics goods on behalf of Varitronics, as is apparent from the Fax Advertisements.

31.     Upon information and belief, Vartironics also provided R&M access to detailed information regarding the nature and pricing of Varitronics products and to customer information, such as customer's names, addresses and telephone numbers that Variquest otherwise would keep within its exclusive control.

32.     Upon information and belief, Varitronics was aware that R&M was advertising Varitronics products by fax and knowingly accepted the benefits of the sales that that fax advertising generated.  Accordingly, Varitronics ratified the R&M's acts of fax advertising.

33.     Six out of seven of the Fax Advertisements contain a statement that R&M is Varitronics sole authorized dealer. *See* Exhibit A.

34.     Upon information and belief most of the more than 5,000 solicited or unsolicited fax advertisements that Defendants either negligently or willfully and/or

knowingly sent and/or arranged to be sent out to fax machines throughout the United States  contained a statement that R&M is a Varitronics' authorized dealer or is Varitronics' sole authorized dealer.

35.    Upon information and belief, Perry, who is and was the Chief Executive Officer of defendant R&M during all times relevant to the instant Complaint, specifically, individually and personally directed and authorized all of the fax advertisements described above to be sent by fax, was intimately involved in the program to send these fax advertisements, including the design of the fax advertisementsm and authorized payment for the sending of those fax advertisements.  Upon information and belief Perry was the guiding spirit and central figure behind these fax advertisements being sent  in the manner in which they were sent.

## CLASS ALLEGATIONS

36.    Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure.

37.    Plaintiff seeks to represent three classes (the "Classes") of individuals, each defined as follows:

Class A:  All persons from four years prior to the date of the filing of the Complaint through the present to whom Defendants sent or caused to be sent at least one *solicited or unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notices in the Fax Advertisements Defendants sent or caused to be sent to Plaintiff or that contained no opt-out notice at all.

9

Class B:  All persons from four years prior to the date of the filing of the

Complaint through the present to whom Defendants sent or caused to be sent at

least one *unsolicited* facsimile advertisement advertising the commercial

availability or quality of any property, goods, or services that contained a notice

identical or substantially similar to the Opt-Out Notices on the Fax

Advertisements Defendants sent or caused to be sent to Plaintiff or that contained

no opt-out notice at all..

Class C:  All persons in the State of New York to whom, from three years

prior to the date of the filing of the Complaint to the present, Defendants sent or

caused to be sent at least one facsimile advertisement without having obtained

express invitation or permission to do so and/or that contained a notice identical

or substantially similar to the Opt-Out Notice on the Fax Advertisements

Defendants sent or caused to be sent to Plaintiff or that contained no opt-out

notice at all.

38.     Numerosity: The Classes are so numerous that joinder of all individual

members in one action would be impracticable.  The disposition of the individual claims

of the respective class members through this class action will benefit the parties and this

Court.  Upon information and belief there are, at a minimum, thousands of class members

of Classes A, B and C.  Upon information and belief, the Classes' sizes and the identities

of the individual members thereof are ascertainable through Defendants' records,

including Defendants' fax and marketing records.

39.     Members of the Classes may be notified of the pendency of this action by

techniques and forms commonly used in class actions, such as by published notice,

e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by

other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

40.     Typicality:  Plaintiff's claims are typical of the claims of the members of Class A because the claims of Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct.  Among other things, Plaintiff and members of Class A were sent or caused to be sent by Defendants at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notices in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff or that contained no opt-out notice at all.

41.     Plaintiff's claims are typical of the claims of the members of Class B because the claims of Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct.  Among other things, Plaintiff and the members of Class B were sent or caused to be sent by Defendants, without Plaintiff's or the Class B members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff or that contained no opt-out notice at all.

42.     Plaintiff's claims are typical of the claims of the members of Class C because the claims of Plaintiff and members of Class C are based on the same legal theories and arise from the same unlawful conduct.  Among other things, Plaintiff and members of Class C were sent or caused to be sent by Defendants, without Plaintiff's or the Class C members' express permission or invitation, at least one fax advertisement

11

advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff or that contained no opt-out notice at all.

43.   Common Questions of Fact and Law:   There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

44.   The questions of fact and law common to Plaintiff and Class A predominate over questions that may affect individual members, and include:

(a)   Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class A, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement, or that contained no opt-out notice at all , violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b)   Whether Defendants' sending and/or causing to be sent such fax advertisements was knowing or willful;

(c)   Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendants' conduct; and

(d)   Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

45.   The questions of fact and law common to Plaintiff and Class B predominate over questions that may affect individual members, and include:

12

(a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class B, without Plaintiff's or the Class B members' express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement, or that contained no opt-out notice at all, violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class B such unsolicited fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class B are entitled to statutory damages, triple damages and costs for Defendants' conduct; and

(d) Whether Plaintiff and members of Class B are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

46.     The questions of fact and law common to Plaintiff and Class C predominate over questions that may affect individual members, and include:

(a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class C, without Plaintiff's and Class C's express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services, violated GBL § 396-aa; and

(b) Whether Plaintiff and the members of Class C are entitled to statutory damages for Defendants' conduct.

13

47.     <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Classes because its interests do not conflict with the interests of the members of the Classes.  Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes.  Plaintiff has retained counsel who are competent and experienced in litigation in the federal courts, class action litigation, and TCPA cases.

48.     <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the Classes' claims.  While the aggregate damages that may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small.  The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them.  The likelihood of the individual Class members' prosecuting separate claims is remote.  Plaintiff is unaware of any other litigation concerning this controversy already commenced against Defendants by any member of the Classes.

49.     Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  The conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

50.     <u>Injunctive Relief</u>: Defendants have acted on grounds generally applicable to the members of Classes A and B, thereby making appropriate final injunctive relief

with respect to Classes A and B.

## FIRST CLAIM FOR VIOLATION OF THE TCPA

51.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

52.     By the conduct described above, Defendants committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class A, to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class A were either (a) unsolicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder, or (b) solicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder.

53.     Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

54.     If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class A, Plaintiff requests that the Court increase the damage award against Defendants to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## SECOND CLAIM FOR VIOLATION OF THE TCPA

55.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

56.     By the conduct described above, Defendants committed more than five

thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class B, to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class B were unsolicited and did not contain notices satisfying the requirements of the TCPA and regulations thereunder.

57.     Plaintiff and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

58.     If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class B, Plaintiff requests that the Court increase the damage award against Defendants to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

### THIRD CLAIM FOR INJUNCTIVE RELIEF

59.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

60.     Defendants committed thousands of violations of 47 U.S.C. § 227(b).

61.     Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of Classes A and B are entitled to an injunction against Defendants, prohibiting Defendants from committing further violations of the TCPA and regulations thereunder.

### FOURTH CLAIM FOR VIOLATION OF GBL § 396-aa

62.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

63.     By the conduct described above, Defendants committed numerous

16

violations of GBL § 396-aa against Plaintiff and the members of Class C, to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class C were unsolicited and/or did not contain notices satisfying the requirements of GBL § 396-aa.

64.    Pursuant to GBL § 396-aa, Plaintiff and the members of Class C are entitled to statutory damages in an amount to be determined at trial.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, requests:

A.    An order certifying the Classes, appointing Plaintiff as the representative of the Classes, and appointing Aytan Y. Bellin of Bellin & Associates LLC as counsel for the Classes;

B.    an award to Plaintiff and the members of Classes A and B of statutory damages in excess of $2,500,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendants' violations of that statute and the regulations promulgated thereunder;

C.    if it is found that Defendants willfully and/or knowingly sent and/or caused to be sent the fax advertisements alleged to classes A and/or B, an award of three times the amount of damages described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3);

D.    an injunction against Defendants prohibiting them from committing further violations of the TCPA and regulations described above;

E.    an award to Plaintiff and the members of Class C of statutory damages of $100 per violation of GBL § 396-aa in an aggregate amount to be determined at trial; and

F.      such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: White Plains, New York
       April 30, 2014


                         **BAIS YAAKOV OF SPRING VALLEY
ON BEHALF OF ITSELF AND ALL
OTHERS SIMILARLY SITUATED**

By: _____
           Aytan Y. Bellin
           Bellin & Associates LLC
           85 Miles Avenue
           White Plains, NY 10606
           (914) 358-5345
           Fax: (212) 571-0284
           aytan.bellin@bellinlaw.com

# EXHIBIT A

718-961-1199


**R&M**
**Letter Graphics**



**NYCDOE Vendor:**   **RML022000**
**Telephone:**   **(718) 961-1136**
**Email:**   **sales@rmlettergraphics.com**
**Web:**   **www.rmlettergraphics.com**

# End of Year Promotional - Expires Dec. 30, 2013

## Full Color Poster Printer
**Touch screen design & enlarging**

### VariQuest Perfecta Plus 2400
**School Price $4,995.00**



Save
$1,000

Free:
Touch screen, scanner,
stand, supplies and more.

## Spot Color Poster Maker
**No ink / no toner enlarging**

### VariQuest Poster Maker 3600
**School Price $3,995.00**




Save
$1,000

Free:
100 ft. roll of blue on white
standard 23" wide paper.

## 25" Cold Laminator
**Requires no electricity or heat**

### VariQuest Cold Laminator 2510
**School Price $1,795.00**




Save
$200

Free:
25" x 50' starter set of film

## Recognize Achievements
**On the spot awards & plaques**

### VariQuest Awards Maker 400
**School Price $2,495.00**




Save
$500

Free:
Starter bundle of plaques,
gold sticker media and
black ribbon.

# Sole Authorized Dealer of the Variquest Visual Learning Tools
New York City, Nassau, Suffolk, Westchester and Rockland counties - Letter available upon request

To be removed from all future promotional and sale notifications from R&M please call 866-205-0054 x67630 to opt-out.




**Letter Graphics**

**NYCDOE Vendor:** RML022000
**Telephone:** (718) 961-1136
**Email:** sales@rmlettergraphics.com
**Web:** www.rmlettergraphics.com

# End of Year Promotional - Expires Dec. 30, 2013



## Full Color Posters



Save $1,000

**VariQuest Perfecta Plus 2400**
*Touch screen design & enlarging*
**School Price: $4,995.00**

Free:
Touch screen, scanner,
stand, supplies and more.



## Spot Color Posters



Save $1,000

**VariQuest Poster Maker 3600**
*No ink / no toner enlarging*
**School Price: $3,995.00**

Free:
100 ft. roll of standard
23" blue on white paper.



## Laminate Your Posters



Save $200

**VariQuest Cold Laminator 2510**
*Requires no electricity or heat*
**School Price: $1,795.00**

Free:
Set of starter film

## Sole Authorized Dealer of the Variquest Visual Learning Tools

New York City, Nassau, Suffolk, Westchester and Rockland counties - Letter available upon request

To be removed from all future promotional and sale notifications from R&M please call 866-205-0054 x67630 to opt-out.

12-11-2013 14:02          718-961-1199                                    D 1/1



**NYC DOE Vendor # RML022000**

Tel: (718) 961-1136
Fax: (718) 961-1199
Email: sales@rmlettergraphics.com

# Your 1-Stop Supplier for:

- **Poster Makers - Full Color**
- **Poster Makers- Spot Color**
- **Cold Laminators**
- **Hot Laminators**
- **Awards Makers**
- **Cutout Makers**
- **Photo ID Systems**
- **Binding Systems**





  

Located in NYC and serving the education community for over 25 years

**All of our systems include free delivery set-up & on-site training!**



---

## Request Form:                    (Circle Systems Above)

School Name: _____        ☐ I'd like a free demonstration

Contact: _____        ☐ Mail me more information

Phone: _____        ☐ Email me more information

Email: _____        ☐ Call me to discuss

### Fax to: (718) 961-1199                    ☐ Other:

To be removed from all future promotional and sale notifications from R&M please call 866-205-0054 x67630 to opt-out.



**NYCDOE:  Vendor # RML022000**

**TEL:**      **(718) 961-1136**
**FAX:**      **(718) 961-1199**
**EMAIL:**    **sales@rmlettergraphics.com**
**WEB:**      **www.rmlettergraphics.com**



## *Sole Authorized Dealer Letter Available*

# VariQuest Cold Laminator 25"



*New*
*Adjustable brackets for laminating smaller items*

*New*
*Front & back banner catcher*

**Use cold laminating systems** to quickly and easily protect and preserve posters, cutouts, artwork and more.

No heat is needed.  Laminate sensitive items like newspaper clippings, photographs and posters & banners created by the Poster Maker 3600.  In addition, laminated items can be trimmed without the edges separating.

Redesigned for 2011, the new ProFinish 25" can laminate posters and banners up to 25" wide or laminate multiple small items at once.  Easy and safe enough for use by students and school staff.

The ProFinish Cold Laminator is a perfect match for the Poster Maker system.  In minutes, you can enlarge a graphic organizer, laminate it and prepare to reuse it year after year with Dry Erase markers.

## Why Cold Lamination?
- ✓ **No warming up or cooling down**
- ✓ **No fumes**
- ✓ **Low maintenance**
- ✓ **No edge separation**
- ✓ **Thick and durable laminate**

| Description | Item# | Price |
|---|---|---|
| VariQuest Cold Laminator | CL2510 | ~~$1,995.00~~ |
| **Discounted Education Price:** | | **$1,795.00** |
| Free Shipping, set-up, training and starter film | | |

To be removed from all future NYC DOE promotionals and sale notifications from R&M please call 866-205-0054 x67630 to opt-out.

NYC DOE Vendor # RML022000

# Looking to Produce Full Color Posters & School-wide Visuals?

## *Invest in the Best*



## VariQuest
### Perfecta Plus 2400

**Touch-screen control & design.**
**Designed for schools.**
**Print from iPhones, tablets & more.**
**Low cost inks.**
**Compact size.**
**Fast 24" printing with up to 2400 dpi.**

*Fully integrates with your existing*
*VariQuest Visual Learning Tools.*

## Request Form:

School Name: _____

Contact: _____

Phone: _____

Email: _____

☐ I'd like a free demo

☐ Mail me more info

☐ Email me more info

☐ Call me to discuss

☐ Send me a copy of your
  *Sole Authorized Dealer Letter*

### Fax to: (718) 961-1199

To be removed from all future promotional and sale notifications from R&M please call 866-205-0054 x67630 to opt-out.

01-21-2014 13:38                    718-961-1199                    1/1





**NYCDOE Vendor:** RML022000
**Telephone:** (718) 961-1136
**Email:** sales@rmlettergraphics.com
**Web:** www.rmlettergraphics.com

# Create your school's content rich learning environment

## Full Color Poster Printer
### Touch screen design & printing


Save $1,300

**VariQuest Perfecta Plus 2400**
Item # PT2400
School Price $4,695.00




Free:
Touch screen, scanner,
stand, supplies and more.

## Spot Color Poster Maker
### Simple no ink / no toner enlarging


Save $1,000

**VariQuest Poster Maker 3600**
Item # PM3600
Edu Price $3,995.00



Free:
100 ft. roll of
blue on white
DTP 23" paper.

## 25" Cold Laminator
### Requires no electricity or heat


Save $200

**VariQuest Cold Laminator 2510**
Item # CL2510
School Price $1,795.00



Free:
25" x 50' starter set
of laminating film

## Recognize Achievements
### On the spot awards & plaques


Save $500

**VariQuest Awards Maker 400**
Item # AM400
School Price $2,495.00



Free:
Starter bundle of
plaques, gold sticker
media and black ribbon.

# Sole Authorized Dealer of the Variquest Visual Learning Tools
New York City, Nassau, Suffolk, Westchester and Rockland counties - Letter available upon request

To be removed from all future promotional and sale notifications from R&M please call 866-205-0054 x67630 to opt-out.

02-03-2014 5:32  718-961-1199  1/1



**R&M**

**Letter Graphics**

P.O. Box 6795    Flushing, NY 11365
T: (718) 961-1136    F: (718) 961-1199
Email: sales@rmlettergraphics.com
Web: www.rmlettergraphics.com

# * Sole Authorized Dealer
## NYC DOE Vendor # RML022000

*Fax or email your order*

## Most Popular Supplies for our Most Popular Systems

Bill To: _____    Ship to: _____

| Purchase Order # | Credit Card # |
|---|---|

### * VariQuest Poster Maker 3600 Paper

| Code | Description | | Price | |
|---|---|---|---|---|
| 2300D | 23" Standard Black on White | $ | 99.95 | |
| 2301D | 23" Standard Blue on White | $ | 99.95 | |
| 2303D | 23" Standard Maroon on White | $ | 99.95 | |
| 2314D | 23" Standard Black on Light Blue | $ | 99.95 | |
| 2300T | 23" Transfer Plus Black on White | $ | 129.95 | |
| 2301T | 23" Transfer Plus Blue on White | $ | 129.95 | |
| 2305T | 23" Transfer Plus Maroon on White | $ | 129.95 | |
| 2306T | 23" Transfer Plus Purple on White | $ | 129.95 | Call for Additional Sizes & Colors |

### ProImage / FujiFilm / Varitronics Poster Printer Paper

| Code | Description | | Price | |
|---|---|---|---|---|
| 3603-00 | 23" Standard Black on White | $ | 89.95 | |
| 3603-01 | 23" Standard Blue on White | $ | 89.95 | |
| 3603-04 | 23" Standard Maroon on White | $ | 99.95 | |
| 3605-00 | 23" Standard Black on Light Blue | $ | 99.95 | |
| 6082-00 | 23" Transfer Plus Black on White | $ | 119.95 | |
| 6082-01 | 23" Transfer Plus Blue on White | $ | 119.95 | |
| 13140-00 | 23" Transfer Plus Maroon on White | $ | 129.95 | |
| 13141-00 | 23" Transfer Plus Purple on White | $ | 129.95 | Call for Additional Sizes & Colors |

### * VariQuest Cold Laminating Film

| Code | Description | | Price |
|---|---|---|---|
| 2510DS | Cold Laminating Film for 25" wide (set of 2 rolls) | $ | 279.95 |
| 14553-01 | Cold Laminating Film for 24" wide (set of 2 rolls) | $ | 279.95 |

### Hot Laminating Film - FAMIS # Below

| Code | Description | | Price |
|---|---|---|---|
| 312988621 | 25" x 250ft 3.0 mil thickness (set of 2 rolls) | $ | 64.75 |
| 312988605 | 27" x 250ft 3.0 mil thickness (set of 2 rolls) | $ | 68.55 |

| UPS Shipping | Free |
|---|---|
| Total | |

**Price List Discounts Expire March 31, 2014**

02-20-2014 5:30          718-961-1199          D 1/1





**NYCDOE Vendor:** RML022000
**Telephone:** (718) 961-1136
**Email:** sales@rmlettergraphics.com
**Web:** www.rmlettergraphics.com

# Free 25" wide Laminator
## when you upgrade any older Varitronics or FujiFilm Poster Printer to the new PM3600

## VariQuest Poster Maker 3600

*A school favorite. No ink / no toner enlarging, at the press of a button.*

- **Free 25" wide VariQuest Laminator**
- **Free Shipping**
- **Free Paper Roll**
- **Free Starter Lam Film**
- **Free Set-up & Training**



## School Price: $3,995.00
(Mfg # PM3600)

# A combined savings of over $3,125.00
## Offer Expires March 31, 2014

# (not on FAMIS)
# Sole Authorized Dealer Attached

To be removed from all future promotional and sale notifications from R&M please call 866-205-0054 x67630 to opt-out.

# EXHIBIT B

# Varitronics.

## Sole Authorized Dealer Letter
### R&M Letter Graphics, Inc.
### NYC DOE Vendor # RML022000

Date:      January 1, 2014
To:        Valued Educator
From:      David Grey, President, Varitronics, LLC
Subject:   VariQuest™ Visual Learning Tools - Sole Authorized Dealer

Thank you for your interest in our VariQuest ®Visual Learning Tools. These tools are helping schools throughout North America to effectively Educate. Motivate. Communicate™

The VariQuest Visual Learning Tools is an integrated suite of learning tools that includes the following components:

- VariQuest® Poster Maker 3600
- VariQuest® Cutout Maker 1800
- VariQuest® Awards Maker 400
- VariQuest® Design Center 1000 & Design Center 2300
- VariQuest® Cold Laminator 2510
- VariQuest® Perfecta™ 2400 Full Color Poster Design System

Our proprietary VariQuest® software, currently in versions 2.0, 3.0 and 3.1, which is included with the Poster Maker 3600, Cut Out Maker 1800, Awards Maker 400, and Design Center 1000/2300 and Perfecta™ 2400 Full Color Poster Design System is designed to maximize the potential of these tools both individually and collectively.

**R&M Letter Graphics is the Sole Authorized Dealer of the VariQuest® brand equipment (listed above) and VariQuest® brand supplies, software and content in the following assigned sales and service territories:**

- **New York City area including the counties of: New York, Bronx, Kings, Queens, Richmond**

R&M Letter Graphics can be reached at 718-961-1136

R&M is authorized to offer new VariQuest® equipment for sale, promote Varitronics sponsored programs and to provide service and support, including our product warranties. They are required by Varitronics to provide knowledgeable sales, installation, user training, and customer/technical service for our VariQuest® products and are fully trained to do so.

Please note that the information above is current as of the date above. If you have any further questions or need updated information, please contact me at 800-328-0585 ext. 6971 or e-mail me at david_grey@variquest.com.

Thanks again for your interest in VariQuest® Visual Learning Tools.

Regards,

David Grey
President and CEO
Varitronics, LLC

CAROL A HUNT
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2018

Carol A Hunt  1/1/2014





**Sole Authorized Dealer Letter**
R&M Letter Graphics, Inc.

Date:       January 1, 2014
To:         Valued Educator
From:       David Grey, President, Varitronics, LLC
Subject:    VariQuest™ Visual Learning Tools – Sole Authorized Dealer

Thank you for your interest in our VariQuest ®Visual Learning Tools. These tools are helping schools throughout North America to effectively Educate. Motivate. Communicate™

The VariQuest Visual Learning Tools is an integrated suite of learning tools that includes the following components:

- VariQuest® Poster Maker 3600
- VariQuest® Cutout Maker 1800
- VariQuest® Awards Maker 400
- VariQuest® Design Center 1000 & Design Center 2300
- VariQuest® Cold Laminator 2510
- VariQuest® Perfecta™ 2400 Full Color Poster Design System

Our proprietary VariQuest® software, currently in versions 2.0, 3.0 and 3.1, which is included with the Poster Maker 3600, Cut Out Maker 1800, Awards Maker 400, and Design Center 1000/2300 and Perfecta™ 2400 Full Color Poster Design System is designed to maximize the potential of these tools both individually and collectively.

**R&M Letter Graphics is the Sole Authorized Dealer of the VariQuest® brand equipment (listed above) in the following assigned sales and service territories:**

- **New York City counties of: Nassau, Suffolk, Westchester and Rockland.**

R&M Letter Graphics can be reached at 718-961-1136

R&M is authorized to offer new VariQuest® equipment for sale, promote Varitronics sponsored programs and to provide service and support, including our product warranties. They are required by Varitronics to provide knowledgeable sales, installation, user training, and customer/technical service for our VariQuest® products and are fully trained to do so.

Please note that the information above is current as of the date above. If you have any further questions or need updated information, please contact me at 800-328-0585 ext. 6971 or e-mail at david_grey@variquest.com.

Thanks again for your interest in VariQuest® Visual Learning Tools.

Regards,

David Grey
President and CEO
Varitronics, LLC



CAROL A HUNT
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2019

Carol a Hunt 1/1/2014

