UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------X
BAIS YAAKOV OF SPRING VALLEY,
On behalf of itself and all others
Similarly situated,

                 Plaintiff,

v.

                 14 CV 3083 (CS)(LMS)

VARITRONICS, LLC, R & M LETTER
GRAPHICS, INC., AND RICHARD
E. PERRY,

                 Defendants.
X------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/16/15

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into as of June 9, 2015 between Plaintiff Bais Yaakov of Spring Valley ("Plaintiff") and Defendants R & M Letter Graphics, Inc. ("R&M") and Richard M. Perry ("Perry") (collectively referred to as "Defendants") (Plaintiff and Defendants are collectively referred to as "the parties").

### RECITALS

WHEREAS, Plaintiff filed litigation against Defendants and Varitronics, LLC entitled *Bais Yaakov of Spring Valley, et al. v. Varitronics, LLC, R & M Letter Graphics, Inc., and Richard E. Perry*, Case No. 7:14 CV4564 (CS)(LMS), in the United States District Court for the Southern District of New York (the "Litigation");

WHEREAS, Varitronics, LLC has previously been dismissed from this action without prejudice and is now the subject of a separate lawsuit brought by Plaintiff in the United States District Court for the District of Minnesota styled as *Bais Yaakov of Spring Valley v. Varitronics, LLC*, No. 14-CV-5008 (ADM/FLN) (the "Minnesota Action");

WHEREAS, Plaintiff has alleged in the Litigation that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) (the "TCPA"), and Defendants have denied Plaintiff's allegations and asserted affirmative defenses to Plaintiff's claims;

WHEREAS, the issues in the Litigation are complex, and may require expensive and protracted proceedings to reach final judgment; and

WHEREAS, Plaintiff and Defendants wish to settle the Litigation, and believe that the terms of this Settlement Agreement are fair, reasonable and adequate;

1

NOW, THEREFORE, the parties agree as follows:

1. Upon the Execution of this Settlement Agreement, the instant case shall be dismissed with prejudice against Defendants without costs to any party to this case. Although Perry was previously dismissed from this case (ECF # 40) without prejudice, the parties hereby intend that that the above-described dismissal with prejudice to apply to Perry as well.

2. The parties hereby declare that the instant Settlement Agreement solely applies to themselves, and that the parties hereby reserve any and all of rights (including, but not limited to rights of action) as against all other persons, including, but not limited to Varitronics, LLC, whether or not those rights or rights of action are based upon responsibility or liability Varitronics, LLC bears for the actions of any party herein. The parties intend that this Settlement Agreement and the dismissal required by it shall not provide any rights or benefits to Varitronics, LLC.

3. In consideration of Plaintiff's dismissal of this case against Defendants with prejudice and without costs, Defendants agree to the creation a contingent liability in the amount of Thirty Thousand Dollars and no cents ($30,000.00) to be paid by the Defendants or their successors in interest to the Plaintiff or to the order of the Plaintiff (the "Contingent Liability"), upon the conditions described immediately herein below.

4. The Contingent Liability becomes payable by the Defendants to the Plaintiff (or to the Plaintiff's order) **only** if:

> (a) a class is not certified pursuant to Federal Rule of Civil Procedure 23 (or any successor Rule) in the Minnesota Action; and
>
> (b) the Minnesota action is either (i) dismissed with prejudice, whether by stipulation, consent or court order; or (ii) individual, nonclass judgment is entered in favor of the Plaintiff in the Minnesota Action; or (iii) judgment is entered in favor of the defendants in the Minnesota Action; and
>
> (c) all appeals have been exhausted in the Minnesota Action or the time to file all appeals has expired in the Minnesota Action.

5. Nothing in this Settlement Agreement shall be interpreted to require the filing of any motion for class certification motion in the Minnesota Action, any other activity in the Minnesota Action, or the taking of any appeal by any party to the Minnesota action.

6. In the event the Contingent Liability described above becomes payable by the Defendants to the Plaintiff, the following procedure shall be followed. The Plaintiff shall notify the Defendants, via certified mail, return receipt requested, within fifteen (15) days after the Contingent Liability becomes payable. The Defendants shall then have another thirty (30) days, commencing from the date of *receipt* of said notification, to pay the Contingent Liability by means of a business check or similar, made payable to the Plaintiff or to the Plaintiff's order..

2

AUG-25-2011  05:10                                                                                          P.03

7. The Contingent Liability is forever extinguished, expunged, and nullified in the event that a class is certified pursuant to Rule 23 in the aforementioned Minnesota Action, *and* said order certifying a class becomes final and non-appealable, *and* the class is not subsequently decertified while the Minnesota Action remains pending.

8. In the event the Contingent Liability is extinguished, expunged, and nullified as described immediately hereinabove, the Plaintiff shall, within fifteen (15) days of such event, notify the Defendants in writing, said notification acknowledging that the Contingent Liability is extinguished, expunged, and nullified, and said notice to be sent via certified mail, return receipt requested.

9. The Contingent Liability and all matters attached to it shall have no effect upon the fullness and finality of the dismissal, with prejudice, of the instant case against Defendants.

10. **Mutual Releases**. The following releases shall become effective after the Court dismisses the Litigation with prejudice pursuant to the parties' Settlement Agreement:

(a) In consideration for all the releases, the Contingent Liability of Defendants, and of the dismissal of this case with prejudice against Defendants as described in this Settlement Agreement, and other good and valid consideration, Plaintiff releases and forever discharges Defendants of and from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, causes of action, damages, punitive damages, statutory damages, expenses, acts, costs, and/or attorneys' fees of any kind that are or could be based on, or arise from or relate in any way to, Defendants' alleged sending or transmission of Fax Advertisements to Plaintiff from the beginning of time to the date of the execution of this Settlement Agreement, including but not limited to the sending of Fax Advertisements without consent or permission, and the sending of Fax Advertisements containing an opt-out notice that is not compliant with the requirements of the TCPA or FCC regulations, whether or not such Fax Advertisements are identical to, similar to, or different from the Fax Advertisements attached as exhibits to Plaintiff's Complaint in the Litigation, except this release does not release Defendants' Contingent Liability described in this Settlement Agreement or any violation of this Settlement Agreement; and

(b) In consideration for the releases and stipulation of dismissal described in this Settlement Agreement, and other good and valid consideration, Defendants release and forever discharge Plaintiff of and from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, causes of action, damages, punitive damages, statutory damages, expenses, acts, costs, and/or attorneys' fees of any kind that are or could be based on, or arise from or relate in any way to, this Litigation or Defendants' alleged sending or transmission of Fax Advertisements to Plaintiff from the beginning of time to the date of the execution of this Settlement Agreement, including but not limited to the sending of Fax Advertisements without consent or permission, and the sending of Fax Advertisements containing an opt-out notice that is not compliant with the requirements

of the TCPA or FCC regulations, whether or not such Fax Advertisements are identical to, similar to, or different from the Fax Advertisements attached as exhibits to Plaintiff's Complaint in the Litigation, except this release does not release any violations of this Settlement Agreement.

11. <u>Complete Agreement</u>. This Settlement Agreement contains the entire understanding of the parties, and supersedes any prior agreements or understandings among them concerning its subject matter.

12. <u>Amendment</u>. This Settlement Agreement may be amended or modified only by a written instrument signed by all of the parties or their counsel, and approved by the Court.

13. <u>Continuing Jurisdiction of Court</u>. The parties agree that the Court in which Plaintiff commenced this Litigation shall have continuing jurisdiction over any disputes that may arise from or in any way relate to either this Settlement Agreement or the Litigation.

14. <u>No Admission of Fault or Liability</u>. This Settlement Agreement shall not be construed as evidence of an admission by any party of fault or of liability, except in an action brought to enforce the terms of this Settlement Agreement.

15. <u>Severable Agreement</u>. The terms of this Settlement Agreement are intended to be severable. Should any term be deemed illegal, invalid, or unenforceable by any court of competent jurisdiction for any reason, it shall be severable from the remainder of this Settlement Agreement, which shall be unchanged and read as if it did not contain the illegal, invalid or unenforceable term.

16. <u>Governing Law</u>. This Settlement Agreement shall be interpreted, construed, governed and enforced in accordance with the internal laws of New York applicable to agreements made and to be performed in the State of New York. The parties agree that this Settlement Agreement shall be deemed to have been drafted jointly by all parties, and shall not be construed for or against any party based on the identity of the party that drafted any particular provision.

18. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, including facsimile or electronic counterparts, all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused this Settlement Agreement to be executed by their respective officers and proper legal representatives:

Dated: June 9, 2015

**BAIS YAAKOV OF SPRING VALLEY**

4

By: /s/ O. _____  Date: 6/4/15
David Sussman, Executive Director

**R &M LETTER GRAPHICS, INC.**

By: _____  Date: _____
Richard E. Perry, Vice-President

_____  Date: _____
Richard E. Perry, Individually

APPROVED AS TO FORM:

**BELLIN & ASSOCIATES LLC**

By: /s/ Aytan Y. Bellin
Aytan Y. Bellin (AB-0123)
85 Miles Avenue
White Plains, New York 10606
(914) 358-5345
Fax: (212)571-0284
e-mail: aytan.bellin@bellinlaw.com

*Attorneys for the Plaintiff Bais Yaakov of Spring Valley*

SABINO & SABINO, P.C.

By:_____
Anthony Michael Sabino (AMS-0578)
92 Willis Avenue, 2d Floor
Mineola, New York 11501
(516) 294-3199
fax: (516) 747-9405
e-mail: Anthony.Sabino@sabinolaw.com

By: _____     Date: _____
    David Sussman, Executive Director


**R &M LETTER GRAPHICS, INC.**

By: *R.E. Perry*     Date: 6/7/2015
    Richard E. Perry, Vice-President


*R.E. Perry*     Date: 6/7/2015
Richard E. Perry, Individually

APPROVED AS TO FORM:

**BELLIN & ASSOCIATES LLC**

By: _____
    Aytan Y. Bellin (AB-0123)
85 Miles Avenue
White Plains, New York 10606
(914) 358-5345
Fax: (212)571-0284
e-mail: aytan.bellin@bellinlaw.com

*Attorneys for the Plaintiff Bais Yaakov of Spring Valley*


SABINO & SABINO, P.C.

By: *[signature]*     6/9/15
    Anthony Michael Sabino (AMS-0578)
92 Willis Avenue, 2d Floor
Mineola, New York 11501
(516) 294-3199
fax: (516) 747-9405
e-mail: Anthony.Sabino@sabinolaw.com

5

*Attorneys for the Defendants*
*R & M Letter Graphics, Inc. and*
*Richard E. Perry*

SO ORDERED THIS 15th DAY OF
June, 2015

_____
Hon. Cathy Seibel, U.S.D.J.

The Clerk shall close the case.

6

**SABINO & SABINO, P.C.**
ATTORNEYS AT LAW
92 Willis Avenue, 2nd Floor
Mineola, New York 11501
516-294-3199
Fax: 516-747-9405
E-mail: Anthony.Sabino@sabinolaw.com
www.sabinolaw.com

ANTHONY MICHAEL SABINO
MARY JANE C. SABINO (1957-2006)

ADMITTED IN NEW YORK
PENNSYLVANIA
AND THE UNITED STATES
SUPREME COURT

9 June 2015

**VIA FEDEX**

The Hon. Cathy Seibel
United States District Court for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Bais Yaakov of Spring Valley v. R & M Letter Graphics, Inc.
   14 CV 3083 (S.D.N.Y.) (CS)(LMS)

Your Honor:

Respectfully, we are the attorneys for the Defendants R & M Letter Graphics, Inc., and Richard E. Perry. Counsel for the Plaintiff is copied, as indicated hereinbelow.

We are pleased to inform the Court that the instant case has been settled, and the parties have fully executed the enclosed Stipulation of Settlement Agreement and Release, to be "so ordered" by the Court. I have enclosed three (3) hard copies of the Stipulation, and we look forward to the Court so ordering the Stipulation and entering the Dismissal, With Prejudice, of the instant case, as agreed to therein.

On behalf of all concerned, we thank the Court for its kind attention to this matter. With thanks, I respectfully remain,

Very truly yours,

Anthony Michael Sabino

cc: Aytan Bellin, Esq. (for the Plaintiff)(via fax and regular mail)
AMS/dal (w/enc.)